```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**PHILIP ANDRA GRIGSBY,**

                **Plaintiff,**

      v.                                   CASE NO.  15-3269-SAC-DJW

**PATRICIA MACKE DICK,**
Reno County Chief District Judge,
**et al.,**

                **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, a federal prison inmate,[1] filed this pro se civil complaint under 42 U.S.C. § 1983. The court dismisses this action upon screening for reasons including plaintiff's failure to state a claim for relief and defendants' entitlement to immunity.

**I.  BACKGROUND AND CLAIMS**

As the background for his complaint, plaintiff alleges the following. In May 2012 he filed for divorce from Tammy Grigsby in McPherson County. He was thereafter arrested and confined in Newton, Kansas. In July 2013, he refiled for divorce in Reno County. In September 2013, plaintiff and Tammy Grigsby were

---

[1] Mr. Grigsby pled guilty in the United States District for the District of Kansas to multiple counts of sexual exploitation of a minor, one count of possessing child pornography, and one count of being a felon in possession of a firearm." He was sentenced to 260 years in prison. See *U.S. v. Grigsby*, 2016 WL 324821, 633 Fed.Appx. 696 (10th Cir. Jan. 27, 2016).

1

parties in two child-in-need-of care cases in Reno County. Plaintiff filed "multiple motions" in Reno County while confined in federal prison. In his description of defendants, plaintiff alleges that defendant Judge Macke Dick "presided over 13-JC-177, 13-JC-178, 13-DM-508 and 14-DM-075, and that defendant Judge Chambers and defendant Judge Rose also presided over 13-DM-508 and 14-DM-075. As Count I in his complaint, plaintiff claims that defendants failed to serve him with timely notice of hearings and orders and to timely file pro se motions. As supporting facts, he alleges that he was denied notice of filed court documents including hearing dates and orders, and continually wrote letters to all defendants asking for case information, but was ignored. As Count II, plaintiff claims that "court officers of Reno County courthouse" prejudiced him. Under supporting facts, he alleges that the "the nature of his incarceration was used against him" to deny access to court proceedings that were not connected to his offenses, and that his incarceration was brought up in every hearing and motion. As Count III, plaintiff claims that defendants failed to recognize him "as pro-se counsel" and as "pro-se prisoner in filing motions and briefs." In support, he alleges that he was denied access to court rules and procedures. Plaintiff asserts

in each count that his constitutional rights under the Fifth, Sixth, and the Fourteenth Amendments were violated.

In his request for relief, plaintiff seeks "investigation into unethical practices by court officers of the Reno County Courthouse, a fair and just divorce proceeding," release of court documents, and "transcripts for the four cases mentioned in this suit." He also seeks appointment of counsel.

## II. FILING FEE

By separate order, plaintiff was granted leave to proceed without prepayment of fees and assessed an initial partial filing fee, which he has paid. As he was informed, he remains obligated to pay the remainder of the fee through payments automatically deducted from his inmate account.

## III. SCREENING STANDARDS

Because Mr. Grigsby is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**IV.   DISCUSSION**

Plaintiff improperly failed to name all defendants in the caption of his complaint. Nonetheless, the court has liberally construed his complaint and has considered his claims against the following individuals who are plainly described as defendants elsewhere in the complaint: Judge Patricia Macke Dick, Chief Judge, Reno County District Court; Judge Timothy Chambers, Reno County District Court; Judge Trish Rose, Reno

County District Court; and Candace Bridgess, Attorney, Kansas Legal Services who represented Tammy Grigsby in the divorce proceedings.

Plaintiff's claims against the defendants that are state court judges are dismissed on the basis of absolute judicial immunity.[2] See *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)(absolute immunity protects integrity of judicial process.).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356-57.  Plaintiff alleges no facts whatsoever to suggest that the defendant state judges were acting outside their judicial capacities.

Plaintiff's claims against the attorney representing plaintiff's wife in the state court proceedings must also be dismissed because this attorney is not shown to have acted under color of state law.  See *Polk County v. Dodson*, 454 U.S. 312, 318-19, 23 (1981).  An attorney representing a private party, whether appointed or retained, acts on behalf of her client and not on behalf of the State.  *Id.*  Thus, plaintiff fails to state a claim for relief under Section 1983 against any of the named defendants.

---

[2] Even if judicial immunity were held not to apply because plaintiff seeks equitable relief rather than damages, he does not allege facts showing that he is entitled to the requested injunctive relief.  He does not show that he has no other adequate remedy, such as motions in the state court and direct appeals.  He also fails to show a serious risk of irreparable harm.

Furthermore, this court lacks jurisdiction to review state court proceedings on domestic matters. Plaintiff is asking this court to review actions taken by defendant judges and an attorney that participated in his state divorce and child-in-need-of-care proceedings. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over lawsuits that are essentially appeals from state-court judgments.[3] Plaintiff had available avenues for review of the state court judgments in the state appellate courts and the United States Supreme Court. This federal district court has no appellate jurisdiction over the state court judgments.

Finally, the court notes that plaintiff does not name each defendant in the body of the complaint along with a description of specific acts of each individual defendant on specific dates that violated his federal constitutional rights. Instead, he complains about the state proceedings and generally alleges that "defendants" or "court officers" violated his constitutional rights. In order "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se

---

[3]   Here plaintiff lost in state court, the state court judgments were rendered before this federal suit was filed, he complains of injuries caused by state-court judgments, and he asks this court to review and overturn the state judgments. See *Exon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). To the extent that plaintiff may be complaining about child custody orders that are pending in state court, this court must abstain from interfering with ongoing custody proceedings under *Younger v. Harris*, 401 U.S. 37 (1971).

plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Araphoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Thus, plaintiff fails to state facts to support a claim against any defendant. For all the foregoing reasons, the court dismisses the complaint under 28 U.S.C. § 1915A(a) and (b) as well as 28 U.S.C. § 1915(e)(2)(B).

## V. PENDING MOTIONS

Plaintiff has filed a "Motion to Amend Defendants" (Doc. 10). However, no complete amended complaint is attached. This motion is denied because it is not a proper and complete motion to amend.[4] Consequently, the court does not consider any claim against Pam Moses, Clerk of the Reno County District Court, who was not properly added as a defendant.

Plaintiff's motion for extension of time to submit a second account ledger sheet[5] (Doc. 8) is granted. Plaintiff's motions

---

[4] Even though a plaintiff may amend a complaint once as of right, he does not properly amend a complaint by filing a motion that does nothing but list a new defendant's name. Instead, the plaintiff must attach a complete Amended Complaint to his motion to amend that sets forth all plaintiff's allegations and claims and is upon court-approved forms. This is because an amended complaint completely supersedes the original complaint, and the original complaint is no longer before the court.

[5] The court already considered this account ledger which was docketed as his "Supplement" in connection with his motion to proceed without prepayment of fees.

for appointment of counsel (Docs. 3 & 4) and motion to proceed as a veteran (Doc. 7)[6] are denied as moot.

## VI. PLAINTIFF'S THIRD STRIKE

Plaintiff is notified that he is now a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). Section 1915(g) provides as follows:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* A review of documents filed in the electronic docket of this court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), reveals that Mr. Grigsby has had three prior cases or appeals dismissed as frivolous or for failure to state a claim.[1] *See Grigsby v. Lemuz*, Case No. 14-3091-SAC-DJW (February 12, 2015)(lawsuit against witness who testified in plaintiff's criminal proceedings dismissed based upon absolute immunity of the witness), *aff'd*, 609 Fed.Appx. 551 (10th Cir. July 15, 2015). In its affirmance, the Tenth Circuit held that "[t]he district court's dismissal counts as a strike under 28 U.S.C. § 1915(g), as will this disposition because the

---

[6] Plaintiff does not provide authority showing either that he is a veteran or that as a veteran he is entitled to waiver of the statutory fee provisions requiring payment of filing fees by all prison inmates.

appeal is frivolous." *Id.* at *552. Thus, plaintiff accumulated two strikes in this prior case. Today, the court dismisses two more cases filed by plaintiff. The instant case is dismissed due to the established immunity of the defendants and for failure to state a claim. Consequently, plaintiff has accumulated 3 strikes. After today, Mr. Grigsby is barred by 28 U.S.C. § 1915(g) from proceeding without prepayment of fees in civil actions filed by him in a federal district or appellate court, unless he alleges facts demonstrating that he is "under imminent danger of serious physical injury."

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice, under 28 U.S.C. § 1915A(a) and (b) as well as 28 U.S.C. § 1915(e)(2)(B) for reasons including judicial immunity and failure to state a claim against all named defendants.

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docs. 3, 4, 7, and 10) are denied for the reasons stated herein, and plaintiff's motion for extension of time to submit account ledger sheet (Doc. 8) is granted.

**IT IS FURTHER ORDERED** that plaintiff is now a three-strikes litigant under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated this 20th day of May, 2016, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**